# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL D. FITZPATRICK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:15-cv-1865-WTL-MJD ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) |

## ENTRY ON MOTION FOR ATTORNEY FEES

After this case was remanded to the Commissioner for further proceedings, Plaintiff Michael D. Fitzpatrick received a fully favorable decision and was awarded disability insurance benefits, including a back pay award of $74,461.00. Plaintiff's counsel now requests an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,615.25 which, consistent with the agreement between counsel and Mr. Fitzpatrick, is 25% of his back pay award. As is her right, the Commissioner has filed a response to the fee petition; she points out that given the fact that counsel's firm spent 6.4 attorney hours and 11.4 non-attorney staff hours on Mr. Fitzpatrick's appeal before this Court, the fee award sought would correspond to an implied hourly rate somewhere between $1,045 per hour (counting non-attorney time as equal to attorney time) and $2,908 per hour (counting solely attorney time).

The question before the Court is whether $18,615.25 is a reasonable attorney fee in this

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

case. 42 U.S.C. § 406(b)(1)(a) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."); *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations."). At first blush, an award of over $1,000 per hour for this type of case might seem unreasonable. However, the fact is that Plaintiff's counsel handled this case in a very efficient manner, making a clear, concise and targeted argument that maximized the Plaintiff's chance of success of receiving an order of remand from this Court and ultimately an award of benefits from the Commissioner. Further, while there is obviously some risk of loss in virtually any case, in the Court's experience it is particularly difficult to predict with any certainty how a case will be handled by the Commissioner, especially at the ALJ level. Given this fact, and also considering the need to encourage high quality representation of those seeking disability benefits, the Court finds that the fee award requested by Plaintiff's counsel is this case is reasonable, and the motion is **GRANTED.**

Plaintiff's counsel Joseph R. Wambach is entitled to a fee award of $18,615.25 pursuant to 42 U.S.C. § 406(b) and the Commissioner shall release those funds to him. Upon receipt of these funds, Mr. Wambach shall refund to Mr. Fitzgerald the $2,324.00 he has received pursuant to the Equal Access to Justice Act.

SO ORDERED: 10/30/17      _____

                          Hon. William T. Lawrence, Judge
                          United States District Court
                          Southern District of Indiana

Copies to all counsel of record via electronic communication